IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GARY BAZEMORE,                    )
                                  )
*Individually, and on behalf of other*   )
*similarly situated employees and*   )
*former employees*,                 )
                                  )
                Plaintiff,        )
                                  )
v.                                )          Case No. CIV-10-420-M
                                  )
THE BOARD OF COUNTY               )
COMMISSIONERS of the COUNTY       )
OF GRADY, STATE OF                )
OKLAHOMA, et. al.,                )
                                  )
                Defendants.       )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR FLSA CONDITIONAL CLASS CERTIFICATION

The Defendants, the Grady County Criminal Justice Authority and the Board

of County Commissioners of the County of Grady, State of Oklahoma (collectively

referred to herein as "Defendants"), file this Response to Plaintiff's Motion for FLSA

Conditional Class Certification.

## INTRODUCTION

Plaintiff filed his Complaint purportedly seeking to recover unpaid wages under

the Fair Labor Standards Act ("FLSA") and Oklahoma's Protection of Labor Act.

Plaintiff's Complaint also contends that he is entitled to proceed on his claims as a

collective action. In order to proceed as a collective action under the FLSA, Plaintiff

filed the Motion that is at issue herein.[1]

The Grady County Criminal Justice Authority ("Authority") is a public trust solely responsible for the operation and management of the Grady County Detention Center. (*See* Ex. "1," Affidavit of Shane Wyatt).  In this regard, the Authority employs a number of people in several different types of positions, including detention officers, medical staff and transportation officers as well as administrative positions. (*See* Ex. "1," Affidavit of Shane Wyatt).  Prior to July 1, 2010, the Authority had adopted and implemented certain policies and procedures related to employees' time and wages. However, effective July 1, 2010, the Authority implemented a new Wage and Payment Policy, which applies to all employees of the Authority, including, but not limited to, detention officers, and replaces the former payment policy in effect prior to July 1, 2010 in its entirety.  (*See* Ex. "1," Affidavit of Shane Wyatt).  The new Wage and Payment Policy represents a significant policy change, including, among other changes, a newly defined pay period.

By way of this lawsuit, Plaintiff contends that the former pay plan applied by

---

[1]It appears from the Complaint that Plaintiff intends to move forward on his claim under Oklahoma's Protection of Labor Act as a class action as well. However, a class action under the Protection of Labor Act would be governed by Fed. R. Civ. P. 23, which does not involve the two-step process under which a FLSA collective action proceeds. The most distinctive difference between these class actions is that under Rule 23, the plaintiff only seeks certification one time, generally after the completion of discovery and generally analyzing the same factors considered at the second stage of an FLSA collective action.  Thus, Plaintiff has not requested certification of a class at this stage in the litigation with regard to his claim under the Protection of Labor Act and that issue is not currently before the Court.

the Authority violated the FLSA by failing to compensate detention officers for one twenty-eight day period each year.  The Authority denies Plaintiff's allegations and contends that its previous pay scheme, as applied, did not violate the FLSA, and therefore, it was at all times in compliance with the terms of the FLSA.

The FLSA allows employees to bring a suit, known as a collective action, "for and in behalf of himself ... and other employees similarly situated."  29 U.S.C. § 216(b).  Section 216(b) requires that any party who seeks to join the suit must "opt in" by filing a written consent with the court.  *Id.*  As such, Plaintiff requests the Court conditionally certify the class described in his Motion and order Defendants to provide Plaintiff with contact information of potential class members, authorize the issuance of the proposed Notice submitted for the Court's consideration to prospective plaintiffs.  As set forth in more detail below, Defendants assert several objections to Plaintiff's proposed Notice as the temporal scope is overly-broad and it is potentially misleading.  In addition, Defendants object to Plaintiff's request for personal contact information of potential class members as Plaintiff's request is overly-broad, not properly limited in scope and requests information that is irrelevant to the issues at hand and subject to heightened privacy concerns.

## I.    Plaintiff's proposed notification is overly-broad, not properly limited in time or scope and potentially misleading.

District courts have discretion to allow issuance of notice to potential plaintiffs in a collective action under the FLSA.  However, they are not required to do so.

3

*Hoffman-LaRoche Int'l v. Sperling*, 493 U.S. 165, 172 (1989).  The Tenth Circuit has

not had occasion to address this issue often.  In fact, the only Tenth Circuit opinion

that addresses certification of a class action under 29 U.S.C. § 216(b) is *Thiessen*

*v. Gen. Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001).[2]  In *Thiessen*, the issue

before the court was an appeal of the district court's ruling to decertify the class and

therefore, the opinion offers little guidance to the issues related to initial certification

and notice.  Further, nothing in § 216(b) refers to notice of a lawsuit or the court's

authority to oversee such notice.  However, several other district and circuit courts

have had opportunities to rule on class actions under § 216(b) and a framework has

developed to guide parties in this type of litigation, to include the authorization of

notice under appropriate circumstances.

     To proceed as a collective action under the FLSA, Plaintiff must show that he

and other putative collective action members are "similarly situated."  29 U.S.C. §

216(b).  Since Section 216(b) does not define the term "similarly situated," courts

have developed a two-step process for determining whether plaintiffs are similarly

situated for certification of a collective action under the FLSA.  *Thiessen,* 267 F.3d

at 1102-03.  At the initial stage, which is where the case at hand is focused, a court

determines whether the class should be conditionally certified for notification and

---

[2]The *Thiessen* opinion actually involves a class action brought under the Age
Discrimination in Employment Act ("ADEA").  However, the provisions of the ADEA
authorizing class actions expressly borrow the opt in class action mechanism fo the
FLSA.  *Id.* at 1102 (citing 29 U.S.C. § 626(b) (ADEA) and 29 U.S.C. § 216(b)).

4

discovery purposes.[3]  Such conditional certification requires "substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  *Thiessen*, 267 F.3d at 1102 (internal quotations omitted).  In the present case, Plaintiff's request for conditional class certification and proposed notice are at issue.

Courts agree that the form and content of the notice should be approved by the court prior to its issuance.  "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner."  *Hoffmann-La Roche*, 493 U.S. at 172.  As such, there are several deficiencies in Plaintiff's proposed notice that should be addressed prior to its issuance.

The FLSA contains a two year statute of limitations, which is extended to three years only if the plaintiff can establish that any violation of the FLSA was willful.  29 U.S.C. § 255(a).  Further, under the FLSA, the statute is not tolled until the employee opts in to a case.  29 U.S.C. § 256.  Here, in order to establish that Plaintiff and putative class members were similarly situated, Plaintiff contends that the putative class was subject to the same pay practice, which he contends resulted in non-

---

[3]The second stage is typically precipitated by a motion to decertify by the defendant usually filed after discovery is largely completed and the matter is ready for trial.  *Thiessen*, 267 F.3d at 1102-03.

payment for one twenty-eight day period each year.  Significantly, however, it is uncontroverted that the Authority implemented a new Wage and Payment Policy on July 1, 2010.  (See Ex. "1," Affidavit of Shane Wyatt).  Plaintiff himself acknowledges in his request for certification that the pay practice, upon which he bases his lawsuit and that he contends violated the FLSA, has now been abandoned by the Authority and is no longer in effect. *See* Plaintiff's Motion for FLSA Conditional Class Certification, p. 7.

Nevertheless, in numerical paragraph number 2, Plaintiff's proposed Notice states that a person can join the lawsuit if they "worked for the Grady County Jail as a detention officer at any time during the last three years."  In light of the Authority's change in payment policy, this is far too broad a statement as it does not set a proper time limitation, nor limit the class to those employees who were together the alleged victims of a single decision, policy or plan, as required by *Thiessen*.  Both parties acknowledge that the pay plan underlying this lawsuit ceased on June 30, 2010 and a new Wage and Payment Policy went into effect on July 1, 2010. (*See* Ex. "1," Affidavit of Shane Wyatt; Plaintiff's Motion for FLSA Conditional Class Certification, p. 7).  Thus, the only potentially relevant time period for this lawsuit and therefore, what should be included in the Notice is the three years prior to the date of the Court's Order approving the Notice through June 30, 2010.

Additionally, Plaintiff repeatedly asserts that the Authority's previous pay policy resulted in employees working one twenty-eight day period each year without

compensation.  While Defendants deny the former pay plan used a twenty-eight (28) day pay period or even had such a result, even under Plaintiff's theory, the putative class should be limited to employees who were employed with the Authority for at least one (1) consecutive year.  Based on this and the issues outlined above, the first sentence of numerical paragraph number 2 of the proposed Notice should read as follows:

> 2.     If you worked for the Grady County Criminal Justice Authority as a detention officer at the Grady County Detention Center for at least one (1) consecutive year between (3 years from the date approving this Order) and June 30, 2010, then you are eligible to join this lawsuit.

Additionally, there are several portions of Plaintiff's proposed Notice that are misleading and/or unnecessarily confusing and/or inflammatory.  The Notice is addressed "To: Current and former employees of the Grady County Jail ...." However, the entity employing Plaintiff and his putative class members is/was the Grady County Criminal Justice Authority and they each work(ed) at the Grady County Detention Center, not the "Grady County Jail."  (*See* Ex. "1," Affidavit of Shane Wyatt).  Moreover, Plaintiff states throughout his Notice that the lawsuit is against the Grady County Criminal Justice Authority and "Grady County".  Similarly, in at least one instance, Plaintiff states that he is an employee of the Grady County Criminal Justice Authority and "Grady County."  Each of these assertions is incorrect. Plaintiff and any potential class member is an employee of the Grady County Criminal Justice Authority, not "Grady County".  (See Ex. "1," Affidavit of Shane Wyatt).  Moreover, Plaintiff has not named "Grady County" in this lawsuit but has

named "The Board of County Commissioners for the County of Grady, State of Oklahoma."[4]

Further, Plaintiff contends every detention officer was subject to the same blanket pay practice.  Thus, including in the Notice the details of Plaintiff's allegations regarding the pay plan, such as 'who were subject to Defendants' pay practice of scheme of twelve (12) pay checks, each of which covered a period of only twenty-eight (28) days, but which purported to cover the entire calendar month for which they were issued, who have been ... and for which they received no compensation,' will not serve any purpose except to potentially prejudice Defendants and lead to confusion.  Based on these issues, the Notice should be addressed:

> TO:    Current and former employees of the Grady County Criminal
> Justice Authority holding the position of detention officer at the
> Grady County Detention Center for at least one (1) consecutive
> year between the dates of (3 years preceding the date of this
> Order) and June 30, 2010.

In addition, each of Plaintiff's references to having named "Grady County" in this lawsuit or being employed by "Grady County" should be changed throughout the Notice as discussed above.  At a minimum, it should be changed to the Grady

---

[4]Plaintiff and any potential class members were employed by the Grady County Criminal Justice Authority, a separate legal entity from the Board of County Commissioners.  By not objecting to its inclusion in the Notice as being a named Defendant in this matter, the Board is not waiving its defense that it is not a proper party to this lawsuit.  However, there is no evidence in this matter supporting any allegation that the Board was Plaintiff's or any class member's "employer" and therefore, any reference to the Board in that regard should be stricken from the Notice.

County Criminal Justice Authority/Grady County Board of County Commissioners. Further, any reference to a pay 'scheme' should be omitted.

Further, numerical paragraph number 1 of the Notice should be altered to acknowledge that Defendants have denied the allegations, so as to avoid any prejudice or confusion. As such, the following language should be added at the end of numerical paragraph number 1:

> Defendants deny any liability to Plaintiff. It is Defendants' position that Plaintiff was an employee of Defendant Grady County Criminal Justice Authority. It is also Defendants' position that Plaintiff and all detention officers were paid all wages due and in accordance with the provisions of the FLSA.

Further, numerical paragraph number 2 should be altered by adding a new fourth paragraph as follows:

> If you wish to have further information about the case, you may also contact counsel for the Grady County Criminal Justice Authority and the Grady County Board of County Commissioners. You may call, mail, fax or e-mail requests to:
> COLLINS, ZORN & WAGNER
> Attn: Jodi S. Casey
> 429 N.E. 50th Street, Second Floor
> Oklahoma City, OK 73105
> Phone: (405) 524-2070
> Fax: (405) 524-2078
> E-mail: jodi@czwglaw.com

Furthermore, the Notice should be amended to add a final sentence stating that Judge Miles La-Grange has taken not position in this case regarding the merits of Plaintiff's claims or of the Defendants' defenses. Finally, Defendants contend that Plaintiff's proposed Opt-In Consent to Sue form should be amended in

accordance with the changes proposed for the Notice.  In particular, numerical paragraphs 1, 2 and 3.  In further support of the proposed changes, Defendants point to *Fortna v. QC Holdings, Inc.*, 06-CV-0016-CVE-PJC (N.D. Okla.) (Dkt. No. 37) wherein the court approved a substantially identical Notice.

Plaintiff's proposed Notice is simply not properly limited to a viable class appropriate for this case and the claims asserted herein.  Accordingly, the Court should require the above limitations be placed into the proposed Notice and corresponding Opt-In Consent to Sue form prior to their issuance.

## II.  Plaintiff's request for personal contact members of putative class members is overly broad.

Plaintiff has requested Defendants provide him with the identity of potential class members for the purpose of disseminating the court-approved notice in this case.  Specifically, Plaintiffs request the "name, last known address, telephone number and social security number for each putative class member employed by Defendant.  *See* Plaintiff's Motion for FLSA Conditional Class Certification, p. 9-10. Plaintiff further requests that Defendants provide such information in the form of a searchable database, spreadsheet or electronic format.  Plaintiff has not presented any legal authority requiring Defendant to submit the requested information in such format.  Furthermore, Plaintiff has wholly failed to offer any evidence as to why the disclosure of employees' social security numbers and telephone numbers is necessary to reach prospective class members, let alone any supporting authority.

Courts have recognized, "[I]n this day, providing sensitive personal data such as a social security number is not to be done lightly." *Vennet v. Am. Intercontinental Univ. Online*, No. 05 C 4889, 2006 WL 908030, at *3 (N.D. Ill. April 5, 2006). Indeed, state law mandates a policy of non-disclosure in certain instances. Under the Oklahoma Open Records Act, Okla. Stat. tit. 51, § 24A.7(D), a public body shall not disclose the home address, telephone numbers and social security number of any current or former employee. See also Okla. Stat. tit. 74, § 3111 (prohibiting the use of social security numbers by the State or any political subdivision except as set forth in statute).

Generally, when a plaintiff requests the production of social security numbers for putative FLSA class members, courts have applied a balancing test "weighing the plaintiffs' need for social security numbers to facilitate notification of the FLSA action against the privacy interests of the putative class members. This balancing test considers the highly personal and confidential nature of social security numbers and the harm that can flow from disclosure, then balances it against the plaintiffs' need for the information to notify prospective class members." *Gieseke v. First Horizon Home Loan Corp.*, No. 04-2511-CM-GLR, 2007 WL 445202, at *4 (D. Kan. Feb. 7, 2007). Here, Plaintiff has offered nothing to support why the submission of social security numbers is necessary to disseminate the notice in this case, much less evidence showing that necessity outweighs the potential harm.

11

In *Vennett*, the plaintiffs requested social security numbers of various putative class members following the initial dissemination of notices. *Id.* at *3. In denying the plaintiffs' request, the court noted that the plaintiffs had sent 909 notices, no responses had been received from 709 persons and only 70 persons had completed the form requesting to opt-in. *Id.* The plaintiffs requested social security numbers for the 709 people who did not respond, purportedly in order to ensure that the plaintiffs had correct addresses, including the 50 that were returned undeliverable. Id. The court denied this request explaining:

> While it is possible that some of those 709 did not receive the notice, there is no reason to assume that it is a substantial number. Defendants will not be required to provide additional information regarding that group of 709. Moreover, in this day, providing sensitive personal data such as a social security number is not to be done lightly. Nor should people who appear to have no or little interest in joining the lawsuit be faced with the possibility of being contacted by telephone or having additional personal information released.

*Id.*

Similarly, in *Jackson v. Papa John's USA, Inc.*, No. 1:08-CV-2791, 2009 WL 1011105 (N.D. Ohio April 15, 2009), following conditional certification and approval of the proposed notice, the defendant produced to the plaintiff the name, last known home address, last known phone number and date of employment for the members of the putative class. *Id.* at *1. Of the 1,841 notices sent, the plaintiff had been unable to reach 161 of the members, roughly 9%. *Id.* As a result, the plaintiff requested the defendant produce the social security numbers to help contact those

potential class members, offering to sign a confidentiality agreement and utilize a third party firm to handle the address trace. *Id.*

In denying the plaintiff's request, the court noted that other courts have not uniformly required the production of social security numbers for putative FLSA class members. *Id.* at *2. The court considered the fact that the plaintiffs had successfully reached 91% of the potential class members, and only about 9% had chosen to opt-in and reasoned that assuming that rate continued, then approximately 147 of the remaining 161 class members who had no interest in the litigation would have their social security numbers turned over to the plaintiffs or a third party. *Id.* at *3, 4. The court concluded that in spite of the protection a confidentiality order can provide, the potential class members' privacy interests outweighed any advantage gained in the production of such information to the plaintiffs. *Id. See also Hens v. ClientLogic Operating Corp.*, No. 05-CV-3815, 2006 WL 2795620, at *5 (W.D. N.Y. Sept. 26, 2006) (holding that the plaintiff was not entitled to social security numbers in an FLSA collective action as "[t]he potential certified class members' interests in keeping such information confidential is more important than facilitating plaintiff's search for those members.").

It is clear from the case law cited above that a bare weighing of interests between a plaintiff's need to facilitate notice and a class member's privacy interest in the non-disclosure of social security numbers and telephone numbers falls in favor of the protection of the class member's privacy interests. In the present case,

Plaintiff has offered no evidence that each class member's last known address will not be sufficient to adequately facilitate notice.  Highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that Plaintiff asserts, without any supporting evidence, that it is necessary.  Any need for the compelled disclosure of such data is outweighed by the privacy interests of the current and former employees of the Authority.  Especially in light of the fact that these are individuals that are either currently, or were formerly, employed as detention officers.  There is no apparent reason from the record to conclude that sending a letter to the person's last known address will be inadequate.  Accordingly, the Court should deny Plaintiff's request for Defendants to produce the social security numbers and telephone numbers of the potential class members.

Respectfully submitted,

s/ Jenny L. Evans
Dustin J. Hopson, OBA #19485
Jodi S. Casey, OBA # 17221
Jenny L. Evans, OBA #17943
COLLINS, ZORN & WAGNER, P.C.
429 NE 50th, Second Floor
Oklahoma City, Oklahoma 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail Address for service:
Dhopson@czwglaw.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Patrick Holman
Eddy Law Firm
228 Robert S. Kerr, Ste. 220
Oklahoma City, OK 73102


s/ Jenny L. Evans
Jenny L. Evans