# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GARY BAZEMORE, Individually, and on  )
behalf of other similarly situated employees  )
and former employees,  )
                                                            )
                     Plaintiff,  )
                                                            )
vs.  )      Case No. CIV-10-420-M
                                                            )
THE BOARD OF COUNTY  )
COMMISSIONERS of the COUNTY  )
OF GRADY, STATE OF OKLAHOMA,  )
and The GRADY COUNTY CRIMINAL  )
JUSTICE AUTHORITY,  )
                                                           )
                    Defendants.  )

## **ORDER**

Before the Court is plaintiff's Motion for FLSA Conditional Class Certification, filed August 20, 2010. On September 15, 2010, defendants filed their response, and on September 20, 2010, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Defendant the Grady County Criminal Justice Authority ("Authority") is a public trust responsible for the operation and management of the Grady County Detention Center. In this regard, the Authority employs a number of people in several different types of positions, including detention officers, medical staff and transportation officers, as well as administrative positions. Prior to July 1, 2010, the Authority had adopted and implemented certain policies and procedures related to employees' time and wages. However, effective July 1, 2010, the Authority implemented a new Wage and Payment Policy, which applies to all employees of the Authority, including, but not limited to, detention officers, and replaces the former payment policy in effect prior to July 1, 2010

in its entirety. The new Wage and Payment Policy represents a significant policy change, including, among other changes, a newly defined pay period.

Plaintiff brought the instant action on behalf of himself, individually, and other similarly situated current and former detention officers employed by defendants to recover unpaid straight time, overtime wages, and liquidated damages, under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as unpaid wages pursuant to Oklahoma's Protection of Labor Act, Okla. Stat. tit. 40, § 165.1, et seq. Plaintiff asserts that he and other detention officers were subject to the same pay policy. Specifically, defendants paid the detention officers once per calendar month and compensated them pursuant to a pay scheme modeled upon § 7(k) of the FLSA. Plaintiff further alleges that defendants engaged in a pay practice of compensating detention officers with twelve pay checks covering twelve twenty-eight day pay-periods per year, which amounts to approximately 336 days per year. Plaintiff asserts that he and other similarly situated detention officers regularly worked days of the year that fell outside of defendants' designated twenty-eight day periods and were never compensated and that he and other detention officers were falsely led to believe that they worked less than they actually did.

II.  Discussion

Pursuant to § 216(b) of the FLSA, plaintiff now moves the Court for conditional class certification in relation to the FLSA claim,[1] for court approval of plaintiff's proposed notice and opt-

---

[1] It appears from plaintiff's Complaint that he intends to move forward on his claim under Oklahoma's Protection of Labor Act as a class action as well. However, a class action under the Protection of Labor Act would be governed by Federal Rule of Civil Procedure 23, which does not involve the two-step process under which a FLSA collective action proceeds. The most distinctive difference between these class actions is that under Rule 23 the plaintiff only seeks certification one time, generally after the completion of discovery and generally analyzing the same factors considered at the second stage of a FLSA collective action. Because any certification of a class

2

in consent to sue form for distribution to the members of the putative class, for an order requiring defendant to produce certain information regarding the putative class members, for the opt-in period to participate in the action to last for sixty days from the date defendants disclose the names and information of all putative class members, and for an order prohibiting defendants from retaliating against or attempting to coerce individuals who receive the notice from not opting into the case.

A.      Conditional Class Certification

To proceed as a collective action under the FLSA, plaintiff must show that he and other putative collective action members are "similarly situated." 29 U.S.C. § 216(b). Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

Under the *ad hoc* method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* at 1102 (internal citations omitted). This initial determination "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (internal quotations and citations omitted). After the parties have completed discovery, and often prompted by a motion to decertify, "the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" *Id.* at 1103. During the second determination, the court reviews several factors, including: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural

---

action in relation to the Protection of Labor Act claim would be premature at this time, the Court will not consider that issue.

considerations; and (4) whether plaintiffs made the filings required by the [FLSA] before instituting suit." *Id.* (internal quotations and citation omitted).

In his motion, plaintiff defines the proposed class as "current and former employees of the Grady County Jail holding the position of detention officer, who were subject to Defendant's pay practice or scheme of providing only twelve (12) pay checks, each of which covered a period of only twenty-eight (28) days, but which purported to cover the entire calendar month for which they were issued, who have been required or permitted to work days which fell outside of the relevant twenty-eight (28) day work period and for which they received no compensation." Motion for FLSA Conditional Class Certification at 6. In their response, defendants do not contest that plaintiff and the other putative collective action members are "similarly situated."

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has set forth substantial allegations that the putative class members were together the victims of a single policy, defendants' pay policy, and the Court, therefore, finds that plaintiff and the other putative collective action members are "similarly situated." Accordingly, the Court finds that plaintiff's proposed class should be conditionally certified.

B. Notice

Plaintiff also moves this Court to approve his proposed class notice and proposed opt-in consent to sue form. In their response, defendants assert that there are several deficiencies in plaintiff's proposed notice that should be addressed prior to its issuance. First, defendants contend that in light of the change in the pay policy as of July 1, 2010, the relevant time period for the lawsuit is not accurate in the proposed notice. In his reply, plaintiff agrees that the relevant period

4

for determining damages should end at July 1, 2010. Accordingly, the Court finds that the class notice in this case should, and will, be altered accordingly.

Second, defendants contend that the putative class should be limited to employees who were employed with the Authority for at least one consecutive year. In his reply, plaintiff asserts that defendants' proposed limitation should be rejected because detention officers employed for less than one consecutive year during the pay policy at issue may be shown to have suffered damages in the form of uncompensated work and that to find otherwise at this stage in the proceedings, prior to a review of each detention officer's time sheets and pay stubs, would be premature. Having carefully reviewed the parties' submissions, the Court finds that under plaintiff's legal theory, it is possible that a detention officer may be shown to have suffered uncompensated work even though he was employed for less than one consecutive year. Accordingly, the Court finds that the putative class should not be limited to employees who were employed with the Authority for at least one consecutive year.

Third, defendants assert that plaintiff and his putative class members each work(ed) at the Grady County Detention Center, not the "Grady County Jail" and any references to the "Grady County Jail" in the notice and opt-in consent to sue form should be changed to "Grady County Detention Center." In his reply, plaintiff states that he is agreeable to modifying the notice and opt-in consent to sue form to insert "the Grady County Detention Center" in place of "the Grady County Jail." Accordingly, the Court finds that the class notice and opt-in consent to sue form in this case should, and will, be altered accordingly.

Fourth, defendants object to stating in the notice that the lawsuit is against "Grady County" when the lawsuit is actually against "The Board of County Commissioners for the County of Grady,

State of Oklahoma." In his reply, plaintiff states that the Board of County Commissioners for the County of Grady, State of Oklahoma, is named as a technicality pursuant to statute and to avoid confusion, any reference to this defendant should simply be to "Grady County." Having carefully reviewed the parties' submissions, the Court finds that the class notice in this case should be amended as follows: in the "RE" paragraph, instead of "Grady County", "the Board of County Commissioners for the County of Grady, State of Oklahoma (hereinafter referred to as 'Grady County')" will be used.

Fifth, defendants contend that the notice is inaccurate because it states that plaintiff is an employee of Grady County Criminal Justice Authority and Grady County when plaintiff is only an employee of Grady County Criminal Justice Authority. In his reply, plaintiff states that until the legal and contractual relationship and any agreements and delegations of power as between Grady County and the Grady County Criminal Justice Authority are examined and explored, it is proper to allege that Grady County is an employer of plaintiff. Having carefully reviewed the parties' submissions, the Court finds that at this stage of the proceedings, it is appropriate to state in the notice that plaintiff is an employee of Grady County Criminal Justice Authority and Grady County. Accordingly, the Court finds plaintiff's proposed class notice should not be altered to remove the reference to Grady County as plaintiff's employer.

Sixth, defendants assert that including in the notice the details of plaintiff's allegations regarding the pay policy will not serve any purpose except to potentially prejudice defendants and lead to confusion. Defendants also assert that any reference to a pay "scheme" should be omitted. Plaintiff does not address these objections in his reply. Having carefully reviewed the parties' submissions, and in light of the fact that every detention officer was subject to the same pay policy,

6

the Court finds that it is unnecessary to include the details of plaintiff's allegations regarding the pay policy in the "TO:" paragraph of the notice. Additionally, the Court finds any reference to a pay "scheme" should be omitted. Accordingly, the Court finds that the "TO:" paragraph should, and will, be amended by deleting the details of plaintiff's allegations regarding the pay policy and by omitting all references to a pay "scheme".

Seventh, defendants contend that plaintiff's proposed notice should be altered to acknowledge that defendants have denied the allegations and should be amended to add a final sentence stating that Judge Miles La-Grange has not taken any position in this case regarding the merits. In his reply, plaintiff states that defendants' proposals are duplicative of existing provisions that are already contained in the proposed notice. Having carefully reviewed the parties' submissions, and particularly the proposed notice, the Court finds that the proposed notice should be amended as follows: the last two sentences of paragraph 4 should be moved to the end of paragraph 1.

Finally, defendants assert that a paragraph should be added to the proposed notice wherein defendants' counsel's contact information is provided. In his reply, plaintiff objects to this addition. Having carefully reviewed the parties' submissions, the Court finds that defendants' counsel's contact information does not need to be provided.

### C. Production of Information Regarding Potential Class Members

In his motion, plaintiff requests the Court to order defendants to disclose the name, last known address, telephone number, and social security number for each putative class member employed by defendants at any time for a period of three years prior to the date conditional certification is granted to present. Plaintiff further requests such disclosure be made in the form of

a searchable database, spreadsheet, or other electronic format. In their response, defendants assert that plaintiff's request is overly broad. Specifically, defendants contend that in light of important privacy concerns, the disclosure of employees' social security numbers and telephone numbers is not necessary to reach prospective class members. Defendants also object to producing the information in the form of a searchable database, spreadsheet, or other electronic format.

Having carefully reviewed the parties' submissions, the Court finds that at this initial stage of providing notice, and because of the significant privacy concerns associated with providing individuals' social security numbers, it is not going to order defendants to provide the social security number for each putative class member. However, if after the initial notices are sent, and if plaintiff receives a number of notices back as undeliverable and is otherwise unable to acquire a current address for these individuals, plaintiff may request at that time for the Court to order defendants to provide the social security numbers for those individuals. Regarding the telephone numbers for each putative class member, the Court finds that defendant should provide those numbers. Finally, the Court finds that defendant should produce the information in the form of a searchable database, spreadsheet, or other electronic format.

D.      Plaintiff's Other Requests

In his motion, plaintiff also requests that the opt-in period to participate in the action last for sixty days from the date defendants disclose the names and information of all putative class members and requests an order prohibiting defendants from retaliating against or attempting to coerce individuals who receive the notice from not opting into the case. Defendants have not objected to these requests. Accordingly, the Court finds that said requests should be granted.

8

III. Conclusion

For the reasons set forth above, the Court:

(1) GRANTS plaintiff's Motion for FLSA Conditional Class Certification [docket no. 20] and CONDITIONALLY CERTIFIES the following class: Current and former employees of the Grady County Detention Center holding the position of detention officer between the dates of three (3) years preceding the date of this Order and June 30, 2010;

(2) APPROVES plaintiff's proposed notice and opt-in consent to sue form with the modifications noted above;

(3) ORDERS defendants to produce to plaintiff within ten (10) days, in the form of a searchable database, spreadsheet, or other electronic format, the name, last known address, and telephone number for each putative class member;

(4) FINDS that the opt-in period to participate in this action shall last for sixty (60) days from the date defendants disclose the names and information of all putative class members; and

(5) ORDERS defendants to prohibit from retaliating against or attempting to coerce individuals who receive the notice from not opting into the case.

**IT IS SO ORDERED this 27th day of September, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE